**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 08- 61449 CIV-SEITZ/O'SULLIVAN

TEXTRON FINANCIAL CORPORATION,
a Delaware corporation,

        Plaintiff,

vs.

RV SALES OF BROWARD, INC., a Florida
corporation, and GIGI D. STETLER,
individually

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on the plaintiff, Textron Financial Corporation's, Verified Motion for Attorneys Fees and Costs (DE # 99, 3/11/10). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Having carefully reviewed the filings and applicable law, the undersigned recommends that the aforementioned motion be GRANTED in accordance with the following Report and Recommendation.

**BACKGROUND**

The plaintiff, Textron Financial Corporation, (Textron) filed this lawsuit against the defendants, RV Sales of Broward, Inc. and Gigi Stetler (RV Sales), on September 11, 2008, alleging that RV Sales defaulted on a security agreement and the guarantor has yet to satisfy the debt (DE # 1, 9/11/08). On January 4, 2010, the District Court issued a "Final Judgment Order" (DE # 96, 2/8/10) granting a Summary Judgment in favor of Textron. Textron then filed

a Motion for Bill of Costs on March 11, 2010, (DE # 98) and a Motion for Attorneys' Fees and Costs on March 11, 2010, (DE # 99). RV Sales filed a three-page response to the Motion for Attorneys Fees and Costs on April 30, 2010, that failed to explain any of its objections (DE # 104). Textron filed a reply on May 10, 2010, (DE # 105).

## **ANALYSIS**

### **I. Costs**

### **A. Statutory Costs**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.PRO. 54(d)(1). "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded." See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994). Textron prevailed in the case at bar and, therefore, it is entitled to receive all costs recoverable under 28 U.S.C. § 1920. A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any of court the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

>    (5) Docket fees under § 1923 of this title
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

The undersigned recommends the following statutory costs be awarded:

1.  <u>Fees of the clerk and for Service of Subpoenas</u>

Textron requests $350.00 for the fees of the Clerk and $50.00 for costs associated with the fees for service of summons and subpoena.  28 U.S.C. § 1920(1) states that a judge or clerk or any court of the United States may tax as costs "fees of the clerk and marshal." 28 U.S.C. § 1920(1). RV Sales does not object to these costs.  These costs are reasonable and permitted under the statute.  The undersigned recommends that Textron be awarded the total costs associated with fees of the clerk and marshal in the amount of ***$400.00***.

2.  <u>Fees associated with the printed and electronically recorded transcripts</u>

Textron requests $4,969.23 for the costs associated with printed and electronically recorded transcripts necessarily obtained for use in this case.  28 U.S.C. § 1920(2) states that a judge or clerk or any court of the United States may tax as costs "the fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). RV Sales does not object to these costs.  These costs are reasonable and permitted under the statute.  The undersigned recommends that Textron be awarded the total costs associated with fees of the court reporter in the amount of ***$4,969.23***.

### B. Non-statutory costs

In addition to the costs permitted by statute, Textron requests $3,705.96 for the reimbursement of expenses pursuant to paragraph 11 of the Credit and Security Agreement (CASA). Textron seeks $1,000.00 for mediation expenses, $5.02 for postage, $705.31 for duplicating, $97.13 for telephone expenses, $50.67 for Federal Express, $57.50 and $67.95 (a total of $125.45) for delivery service expenses, $1,374.38 for Westlaw research, $250.00 for title search expenses, and $98.00 for recording fees. See Verified Motion for Attorneys Fees and Costs page 4 (DE #99, 3/11/10). Textron argues that it is entitled to these non-statutory costs under paragraph 11 of the CASA which reads,

> Debtor is also responsible to pay all other costs and expenses incurred by Secured Party in connection with this Agreement, including but not limited to attorneys' fees and other legal expenses in connection with or arising out of any deficiency suit, collection actions or otherwise following an Event of Default. All such costs and expenses'
> are payable by Debtor on demand by Secured Party and constitute part of the obligations of Debtor secured by this Agreement.

See Verified Complaint at page 14 (Exhibit A, CASA) (DE #1, 9/11/08). RV Sales does not object to these costs. These expenses appear to be reasonable because the order granting Summary Judgment provided as follows: "RV Sales also agreed that, in the event of default, it would be liable for Plaintiff's costs and expenses incurred in repossessing the inventory items and all costs and expenses, including attorneys's fees, in enforcing the CASA." Order Granting Plaintiff's Motion for Summary Judgment page 5 (DE #95, 2/9/10). The undersigned recommends that the defendant be awarded the total costs associated with the above expenses in the amount of **$3,705.96**.

**II. Attorney's Fees**

A. Entitlement to Attorney's Fees

The CASA clearly provides for the recovery of attorney's fees for Textron in the event of default by RV Sales. The CASA provides:

> Debtor is also responsible to pay all other costs and expenses incurred by Secured Party in connection with this Agreement, including but not limited to attorneys' fees and other legal expenses in connection with or arising out of any deficiency suit, collection actions or   otherwise following an Event of Default.

See Order Granting Plaintiff's Motion for Summary Judgment page 5 (DE #95, 2/8/10); Verified Complaint at page 14 (DE #1, 9/11/08) (Exhibit A, CASA paragraph 11).  Accordingly, as RV Sales defaulted under the CASA in the case at bar, Textron Financial Corporation is entitled to receive its attorney's fees pursuant to the CASA.

B. Amount of Fee Award

Having determined that Textron is entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888 (1984).

    1. Reasonable Hourly Rate

The Court must first evaluate Textron's requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must consider the

number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984).  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D.Ala. 1993).

Textron requests an average hourly rate of $537.90 for James E. Foster, $368.12 for Kelly J.H. Garcia, $183.19 for David A. Meek, $250.00 for Vincent Falcone, III, and $220.00 for Kimberly A. Lopez, all from Akerman Senterfitt.  Textron requests an average hourly rate of $205.00 for the paralegal services of T. Arlene Waite and $109.72 for the paralegal services of Joseph E. Volpe, both from Akerman Senterfitt.  Textron requests an average hourly rate of $489.41 for Mitchell Bloomberg, $254.85 for Robin C. Campbell, and $246.74 for Nicole R. Avallone, all from Adorno & Yoss. Textron also requests an average hourly rate of $125.00 for the paralegal services of Katerina Apostolopolous of Adorno & Yoss. RV Sales does not challenge the reasonableness of any of the average hourly rates requested by Textron.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded.  Norman, 836

6

F.2d at 1303 citing <u>Davis v. Board of School Commissioners of Mobile County</u>, 526 F.2d 865, 868 (5th Cir. 1976).  Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and attorneys' fees in general, and the defendants having failed to object to the requested hourly rates, the undersigned finds that average hourly rates of $537.90 for James E. Foster, $368.12 for Kelly J.H. Garcia, $183.19 for David A. Meek, $250.00 for Vincent Falcone, III, $220.00 for Kimberly A. Lopez, $489.41 for Mitchell Bloomberg, $254.85 for Robin C. Campbell, $246.74 for Nicole R. Avallone, $205.00 for T. Arlene Waite, $109.72 for Joseph E. Volpe, and $125.00 for Katerina Apostolopoulos are reasonable.

    2. <u>Hours Reasonably Expended</u>

  The Court must next evaluate Textron's requested fee for reasonableness in terms of the total hours expended by Textron's counsel.  Textron requests a total of $350,141.60 in fees in its motion.  Textron's motion requests reimbursement of the work done by Akerman Senterfitt for 237.30 hours for James E. Foster for a total of $127,643.70, 304.50 hours for Kelly J.H. Garcia for a total of $112,093.80, 104.20 hours for David A. Meek for a total of $19,088.50, 30.25 hours for Vincent Falcone, III, for a total of $7,562.50, 9.40 hours for Kimberly A. Lopez for a total of $2,068.00, 34.40 hours for T. Arlene Waite for a total of $7,052.00, and 36.00 hours for Joseph E. Volpe for a total of $3,950.10. Textron's motion also requests reimbursement for the work done by Adorno & Yoss for 100.30 hours for Mitchell Bloomberg for a total of $49,087.50, 19.60 hours for Robin C. Campbell for a total of $4,995.00, 65.00 hours for Nicole R. Avallone for a total of $16,038.00, and 6.50 hours for Katerina Apostolopoulos for a total of $562.50. Textron supports its motion by submitting itemized time sheets and an affidavit by Lawrence D. Silverman attesting to the reasonableness of Textron's requested attorneys' fees.

  RV Sales seeks to reduce the amount of requested attorneys fees by $95,718.13.  RV Sales argues that the fees amount should be reduced because certain charges are duplicative,

excessive, and unnecessary. See RV Sales of Broward, Inc. and Gigi D. Stetler's Response to Motion for Attorneys Fees and Costs pages 2-3 (DE #104, 4/30/10).

RV Sales' argument is based on its assertions that the amount of hours charged are excessive, redundant and unnecessary. See id. page 2. The moving party on a motion for attorney's fees must show that they exercised billing judgment, excluding from their fee any "excessive, redundant, or otherwise unnecessary" hours. Norman, 836 F.2d at 1301 (citing Hensley, 461 U.S. at 434). The exclusion of excessive or unnecessary hours worked on the litigation is left to the discretion of the district court. Norman, 836, F.2d at 1301. This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. Id. at 1301-02. Attorneys have been cautioned to maintain contemporaneous, complete and standardized time records which reflect the work done by each attorney. See National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of their time expenditures. Hensley, 461 U.S. at 437. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary," the Court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985).

Because the fees requested are voluminous, this Court is not required to engage in an hour-by-hour analysis. Loranger, 10 F.3d at 783; Trujillo v. Banco Central del Ecuador, 229 F. Supp. 1369, 1375 (S.D. Fla. 2002); cf. Norman, 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." Loranger, 10 F.3d at 783. The rule in Loranger differs from the rule articulated in Norman. See Trujillo, 229 F. Supp. at 1375. "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed." Id. (citing Norman, 836 F. 2d at 1304). The undersigned recommends that all of the fees

requested be granted.  RV Sales' argument that some of the requested fees are excessive, redundant and unnecessary lacks substance.  RV Sales only makes conclusive, one sentence objections in support of its position.

### a. Multiple Firms and Attorneys

RV Sales objects to the requested fee amount on the ground that it is unreasonable to have two law firms employed and paid to try a case. RV Sales argues that the $73,193.13 billed by Adorno & Yoss was duplicative of billing by Akerman Senterfitt. See Response to Motion for Attorney's Fees and Costs page 2 (DE #104, 4/30/10). This Court notes that Textron seeks $70,683.00 of attorneys fees from Adorno & Yoss rather than the $73,193.13 to which RV Sales objects. See Reply to Response to Motion for Attorneys Fees and Costs at page 3 (DE #105 5/10/10).  RV Sales does not explain why it objects to all billings by Adorno & Yoss beyond asserting that, "Adorno & Yoss billed in addition to Akerman Senterfitt and there is no justification for duplicate billing." See Response to Motion for Attorney's Fees and Costs page 2 (DE #104, 4/30/10).  This objection lacks the substance necessary to make a concrete argument for the elimination of an award of such fees.

RV Sales further objects to the billing by both Mr. Foster and Ms. Garcia ,"for the same issue on their Motion for Summary Judgment" on December 19, 2009. See Response to Motion for Attorney's Fees and Costs page 2 (DE #104, 4/30/10). RV Sales did not elaborate further. See id. Textron contends that the work of Mr. Foster and Ms. Garcia was not duplicative because they each performed distinct analysis and drafting on the Motion for Summary Judgment. See Reply to Response to Motion for Attorneys Fees and Costs page 6 (DE #105, 5/10/10). Textron further explained that Mr. Foster and Ms. Garcia put in as many hours as they did on their Reply brief for Motion for Summary Judgment on Saturday, December 19, 2009, because of RV Sales' delay in submitting its Response to Textron's Motion for Summary

Judgment and to ensure completion prior to previously scheduled plans related to the Christmas holiday. See id.

Furthermore, the Eleventh Circuit has recognized that there is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each attorney. Norman, 836 F.2d 1292, 1302, citing Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). RV Sales did not elaborate on the two objections beyond conclusive statements that, "there is no justification for duplicate billing" and "both billed for the same issue on their Motion for Summary Judgment." See Response to Motion for Attorney's Fees and Costs at page 2 (DE #104, 4/30/10). Textron explained that Adorno & Yoss was hired to work on distinct aspects of the case and that Mr. Foster and Ms. Garcia worked on distinct aspects of the Motion for Summary Judgment on December 19, 2009. See Reply to Response to Motion for Attorneys Fees and costs pages 3-5, 6 (DE #105, 5/10/10). Textron provided satisfactory responses to both objections in its Reply to RV Sales' Response rendering RV Sales' aforementioned objections unwarranted. More specifically, Textron's reply explained that distinct work was performed by Adorno & Yoss, Mr. Foster, and Ms. Garcia, and the undersigned finds that duplicate billing did not occur.

### b. Excessive and Unnecessary Billing

RV Sales also objects to Mr. Meek billing $10,327.00 for, "[o]bjection to Defendant's discovery and appeal to Magistrate." See Response to Motion for Attorney's Fees and Costs page 2 (DE #104, 4/30/10). In its reply, the plaintiff asserted that Mr. Meek spent 58.6 hours working on multiple issues at an average hourly rate of $178.10 over the course of nearly three months. See Reply to Response Motion for Attorneys Fees and Costs page 5 (DE #105,

5/10/10). The undersigned finds that the 58.6 hours spent by Mr. Meek on discovery issues over a three month period is reasonable and no reduction is warranted.

Next, RV Sales objects to Ms. Garcia billing $777.00 for, "[f]iling of Protective Order." See Response to Motion for Attorney's Fees and Costs at page 2 (DE #104, 4/30/10). RV Sales failed to elaborate on this objection. See id. Textron responded that the objection apparently related to 2.1 hours of billing by Ms. Garcia for the drafting of an 8-page confidentiality agreement and stipulated protective order pursuant to instructions by Judge Seitz. See Reply to Response Motion for Attorneys Fees and Costs at page 7 (DE #105, 5/10/10). The undersigned finds the time spent on this task by Ms. Garcia is reasonable and no reduction is warranted.

RV Sales further objects to $2,664.00 billed by Ms. Garcia on May 21 and 22, 2009, which RV Sales believes was not charged to Textron. See Response to Motion for Attorney's Fees and Costs at page 3 (DE #104, 4/30/10). Textron responded that RV Sales misunderstood Ms. Garcia's billing entries for the contested days. See Reply to Response to Motion for Attorneys Fees and Costs page 7 (DE #105, 5/10/10). The $2,664.00 that RV Sales objects to is not apparent from the billing logs. However, the undersigned notes that there was $1,184.00 marked as un-billed time on May 21, 2009, in addition to $906.50 of billed time on May 21, 2009, and $1,184.00 of billed time on May 22, 2009. See Motion for Attorneys Fees and Costs page 66 (Attachment of Akerman Senterfitt billing records) (DE #99, 3/11/10). Accordingly no reduction is warranted because Textron is not requesting reimbursement from RV Sales for time that was not billed to Textron.

Finally, RV Sales objects to charges by Mr. Foster for $2,193.00 and Ms. Garcia for $3,552.00 for: "working on TRO when the inventory had already been seized." See Response to Motion for Attorney's Fees and Costs at page 3 (DE #104, 4/30/10). RV Sales failed to elaborate on its objection. See id. Textron replied that RV Sales did not explain how it reached its

11

objections to these charges, that work was still required on the temporary restraining order after the inventory had been recovered because the restraining order also applied to proceeds from sold inventory and the objections relate to almost all billings by both attorneys on those days including work on other issues. See Reply to Response Motion for Attorneys Fees and Costs at page 8 (DE #105, 5/10/10). The Motion for Temporary Restraining Order Without Notice was filed with the Court on September 11, 2008, (DE # 4).  On September 12, 2008, the Court issued a Temporary Restraining Order (DE # 8) and set the matter for further hearing.  The further hearing was postponed on numerous occasions, and on February 10, 2009, the Court issued an Order cancelling the hearing (DE # 40), and Ordered that "[t]he Temporary Restraining Order entered by the Court on September 12, 2008 and subsequently extended by agreement of the parties and Court order shall expire upon entry of this Order."  (DE # 40, 2/10/09, Order Canceling Hearing).

The undersigned finds that the reduction requested by RV Sales is not warranted because work was still required regarding the temporary restraining order after the inventory had been seized, RV Sales failed to adequately explain its objection and the entries objected to involved work on the temporary restraining order and other issues.

## RECOMMENDATION

In accordance with the above and foregoing, it is hereby

**RESPECTFULLY RECOMMENDED** that the plaintiff be awarded **$5,369.23** in statutory costs, **$3,705.96** in expenses under the Credit and Security Agreement, and **$350,141.60** in attorneys fees.   The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v.

Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F. 2d 1144,1149 (11th Cir. 1993).

    RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 29th day of June, 2010.

                                      JOHN J. O'SULLIVAN
                                      UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Seitz

All Counsel of Record